**KENTUCKY BAR ASSOCIATION, CLE Commission, Complainant,**

v.

**Daniel Clair BERKEBILE, Respondent.**

No. 98–SC–181–KB.

Supreme Court of Kentucky.

April 16, 1998.

## ORDER OF SUSPENSION

On November 11, 1997, this Court entered an order directing Respondent, Daniel Clair Berkebile, of Ashland, Kentucky, and Panama City, Florida, to show cause, if any he had, why he should not be suspended from the practice of law in this state for failure to certify compliance with the continuing legal education requirement as set forth in SCR 3.669. Respondent has not shown cause for his failure, and a review of the record reveals that he has obtained only one (1) hour of continuing legal education credits. Further, the record demonstrates that Respondent was mailed numerous notices of his deficiency and that he has not requested any extension of time to complete the requirement.

It is hereby ordered that Respondent, Daniel Clair Berkebile, is suspended from the practice of law in this Commonwealth and shall surrender his license to practice.

It is further ordered that:

1. Respondent shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order restoring his membership in the Kentucky Bar Association.

2. Respondent shall not file an application for restoration until such time as any CLE

deficiency of record and existing requirements are met as set forth in SCR 3.675.

3. Any application for restoration shall be governed by SCR 3.500, the rule providing for restoration in cases of failure to comply with the continuing legal education requirement as provided by SCR 3.661 or successor to that rule in effect at the time of the application for restoration.

4. Pursuant to SCR 3.390, Respondent is hereby ordered to, within ten (10) working days of the date of entry of this Order, provide notice to any clients he is currently representing of his inability to provide further legal services, and to notify all courts of his inability to represent them, and of the necessity and urgency to promptly retaining new counsel. Such notification shall be by letter duly and timely placed in the United States Mail, and Respondent shall simultaneously and in the same manner provide a copy of all such letters to the Director of the Kentucky Bar Association.

5. Respondent shall pay the costs associated with this proceeding, said costs in the amount of ten ($10.00) dollars.

All concur.

ENTERED: April 16, 1998.

/s/ Robert F. Stephens
Chief Justice